Dante MARTIRE

v.

LABORERS' LOCAL UNION 1058, a labor organization, Thomas J. Pecora, President and Business Manager and Louis Elise, Secretary-Treasurer, as officers of Local Union 1058,

and

Laborers' District Council of Western Pennsylvania, Appellants.

No. 17208.

United States Court of Appeals Third Circuit.

Argued Dec. 3, 1968.

Decided April 17, 1969.

William T. Coleman, Jr., Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa. (Edward F. Mannino, Philadelphia, Pa., Leo I. Shapiro, Morton B. DeBroff, Pittsburgh, Pa., on the brief), for appellants.

J. M. Maurizi Suto, Power, Balzarini & Walsh, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge and KALODNER and VAN DUSEN, Circuit Judges.

1. 73 Stat. 519, 29 U.S.C.A. § 401 et seq.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

Three critical questions are presented by this appeal:

(1) Does the Labor-Management Reporting and Disclosure Act of 1959 "LMRDA"[1] afford a remedy to an officer of a local union who has been (1) suspended from his elected office prior to the expiration of his term; (2) barred from holding office in the union for five years; and (3) subjected to a fine of $500.00?

(2) Does a District Council, with which a local union is affiliated, have the authority to take the actions above described?

(3) Were the procedural safeguard requirements of the LMRDA complied with in the District Council's proceedings against the plaintiff union officer?

The District Court answered the first question in the affirmative; the second in the negative and did not reach the third.[2]

On this appeal we agree with the District Court's affirmative answer to the first question for the narrow reason, later stated; disagree with its negative answer to the second, and hold as to the third question that it must be answered in the affirmative.

Relevant to our disposition is this statement of the background facts:

The plaintiff-appellee was a member in good standing and business manager of the defendant-appellant Laborers' Local Union 1058, and an elected delegate to the Laborers' District Council of Western Pennsylvania, with which the Union was affiliated.

On September 13, 1967, three delegates to the District Council filed charges against Martire alleging that he was guilty of "negligence and incompetence" in discharging his duties as business manager of the Local Union. The charge arose from the fact that members of the

2. The Opinion of the District Court is presently unreported.

Local Union had been employed for some eighteen months on a project at a wage less than that fixed by the collective bargaining agreement.

The Charge was filed pursuant to the procedure prescribed by Article VIII, Section 1, of the District Council's Constitution which permits "an officer or delegate in good standing" to file charges against "any other officer or delegate of a District Council. * * * "

On September 14, 1967, Martire received written notice of the charge against him in compliance with the District Council Constitution and was informed that the District Council Trial Board would hold a hearing on the charge on September 26, 1967. Martire appeared at the hearing and testimony was taken, the proceeding concededly being in accord with the District Council Constitution.

On September 27, 1967, Martire was notified that the Trial Board had found him guilty as charged and had suspended him from his positions as business manager of the Local and delegate to the District Council for five years, forbidden him to hold any other position during the period of his suspension, and fined him $500. The action of the Trial Board was ratified by the District Council and, after a hearing, by the General Executive Board of the International Union.

Instead of appealing to the next convention of the International, as required by the Local, District Council, and International Constitutions, Martire filed a Complaint in the United States District Court for the Western District of Pennsylvania on February 28, 1968, against the Local Union, two of its officers, and the District Council, asserting jurisdiction under the LMRDA.

In his Complaint Martire alleged that (1) the District Council had no authority under the Local and District Council Constitutions to "fine, suspend, expel or otherwise discipline [him] as a member or as an elected representative of his Local Union"; (2) the District Council had no authority under the District Council Constitution and bylaws to discipline him for "negligence and incompetence" since this is not a charge specified therein; (3) there was insufficient evidence to support the findings and punishment; (4) the procedural requirements of the District Council Constitution were not complied with; and (5) he was not charged and tried by a body of the Local Union.

The Complaint further alleged that these actions violated the provisions of the LMRDA and asked for compensatory and punitive damages and equitable relief, including reinstatement to his office with back pay and a permanent injunction against certain officers of the Local to prevent their alleged interference with his membership rights in the Local.

After a non-jury trial, the District Court found that there was substantial evidence to support the Trial Board's finding that Martire was guilty of negligence and incompetence.[3] However, even though it in no way found that Martire had been denied a fair hearing, it ordered Martire reinstated with back pay and other benefits since it concluded that the removal of a Local Union officer by a District Council violated Section 101(a)(5) of the LMRDA, and that any provision in the Union constitutions permitting such action was void under Section 101(b).

On this appeal Martire does not contend that he was in any way denied a fair hearing or that the evidence presented before the Trial Board did not support its action. He contends, however, that the District Council had no authority to do anything except remove him from his position as delegate to the District Council and that the entire action of the District Council is invalid since nowhere in the District Council Constitution is it expressly stated that an

---

3. Para. 8 of the District Court's "Findings of Fact" states: "The grounds for disciplinary action processed by the District Council are supported by substantial evidence."

officer of a Local Union can be disciplined for negligence and incompetence. Martire's contention appears to be twofold: (1) the action of the District Council violated the Union constitutions and such a violation is actionable under the LMRDA; and (2) the action of the District Council violated the guarantees of the LMRDA quite apart from whether the action also violated the Union constitutions.

What has been said brings us to the first of the three questions presented on this appeal, namely:

"Does the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA) afford a remedy to an officer of a local union who has been (1) suspended from his elected office prior to the expiration of his term; (2) barred from holding office in the union for five years; and (3) subjected to a fine of $500?"

■ In Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (1962) we held that neither Title I of the LMRDA nor Section 609[4] affords a remedy to a business agent of a union who has been removed from his elected office prior to the expiration of his term, for the reason that "It is the union-member relationship, not the union-officer or union-employee relationship, that

is protected."[5] We adhere to that ruling, and accordingly hold that Martire is not afforded a remedy under Section 101(a) (5) of the LMRDA[6] by reason of his removal from office as the Union's business agent.

■ We hold, however, that that part of the penalty imposed on Martire by the District Council which bars him from holding office in the Union for five years affects his status *qua* union member, and that circumstance affords him a remedy under Section 101(a) (5).

■ With reference to the $500 fine, it need only now be said that it does not appear from the record, via the Constitutions of the Local Union or District Council, whether Martire is subject to expulsion from the Local Union if he does not pay his fine; if he could be so expelled, then he would be afforded the protection of the LMRDA, since as we held in Lewis v. American Federation of State, County and Municipal Employees, AFL-CIO, 407 F.2d 1185 (decided February 24, 1969), expulsion from a union affects membership rights protected by Section 101(a) (5).

In accordance with what has been said, we hold that the District Court did not err in ruling that Martire is afforded a remedy under Section 101(a) (5) and 102 of the LMRDA.[7] We do so on the narrow

---

4. Section 609, 73 Stat. 541, 29 U.S.C.A. § 529, provides:

    "It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, * * * to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this Act. The provisions of section 102 shall be applicable in the enforcement of this section."

    Below, Martire contended that the action of the District Council violated Section 609. Section 609, however, is clearly inapplicable to the instant case since Martire's "discipline" in no way resulted from the exercise by him of any right guaranteed by the Act.

5. See also, e. g., Air Line Stewards and Stewardesses Association, Local 550 v. Transport Workers Union of America, 334

F.2d 805, 808, 809 (7th Cir. 1964), cert. den. 379 U.S. 972, 85 S.Ct. 648, 13 L.Ed. 2d 563 (1965).

6. Section 101(a) (5) of the Act, 73 Stat. 523, 29 U.S.C.A. § 411(a) (5) provides:

    "Safeguards against improper disciplinary action.—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

7. Title 1, § 102, 73 Stat. 523, 29 U.S.C.A. § 412 provides:

    "Any person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district

ground, not assigned by the District Court, that Martire's being barred from holding office in Local Union for a term of five years affects his rights *qua* union member; otherwise stated, his union-member relationship.

■ Martire further contends that the actions of the District Council violated his rights under Section 401(h) and Title III of the Act. Neither is applicable here.

Section 401(h), 29 U.S.C.A. § 481(h), guarantees only that the members of a local union will have an opportunity to remove local union officers guilty of serious misconduct; it cannot be read to provide that only the local union may act to remove such officers.[8]

Title III regulates the imposition of trusteeships by a parent union. Martire contends that it impliedly forbids "interference" in the administration of a local union's business such as the removal of one of its officers, unless a trusteeship is imposed. The contention is inapposite in the instant situation where the record discloses no more than that a union's business manager was removed from office for proven "negligence and incompetence," in accordance with the provisions of the District Council and Local Union Constitutions. Standing alone such action is not within the periphery of Title III.

It may be added that Martire also contends that the LMRDA affords a remedy under Section 102 for violations of the Union or District Council Constitutions, and that his removal by the District Council from his Local Union office violated the Constitutions of both. With respect to that contention, we hold that violation of a union or district council's constitution is not actionable *per se* under the LMRDA.

It is settled that "it is only when * * * a claim is made that the constitution is being applied in such a way as to deprive the local members of their secured rights that the documents [constitutions] may be considered."[9]

Since we hold that Martire has asserted a right under Section 101(a) (5), we reach the second question posed at the outset of this Opinion, namely, "Does a District Council, with which a local union is affiliated, have the authority to take the actions above described?"

■ Section 101(a) (5) does not give the federal courts a general supervisory power over union disciplinary proceedings; the section merely provides that such disciplinary proceedings must accord the accused three specified procedural safeguards:

■■ He must be "(A) served with written specific charges; (B) given a reasonable time to prepare his defense;

court of the United States for such relief (including injunctions) as may be appropriate. * * *"

8. Section 401(h) 73 Stat. 533, provides: "If the Secretary [of Labor], upon application of any member of a local labor organization, finds after hearing in accordance with the Administrative Procedure Act that the constitution and bylaws of such labor organization do not provide an adequate procedure for the removal of an elected officer guilty of serious misconduct, such officer may be removed, for cause shown and after notice and hearing, by the members in good standing voting in a secret ballot conducted by the officers of such labor organization in accordance with its constitution and bylaws insofar as they are not inconsistent with the provisions of this title."

We also note that this subsection by its terms, as does § 402, 73 Stat. 534, 29 U.S.C.A. § 482, dealing with enforcement of § 401, directs aggrieved union members to seek relief from the Secretary of Labor rather than by a civil action under the LMRDA. See Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964).

9. Navarro v. Gannon, 385 F.2d 512, 516 n. 6 & 520 (2 Cir. 1967), cert. den. 390 U.S. 989, 88 S.Ct. 1184, 19 L.Ed.2d 1294 (1968). See also Yanity v. Benware, 376 F.2d 197 (2 Cir. 1967), cert. den. 389 U.S. 874, 88 S.Ct. 167, 19 L.Ed.2d 158; Hughes v. Local No. 11, Int'l Ass'n of Ironworkers, 287 F.2d 810, 818 (3 Cir. 1961), cert. den. 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32; Comment, 43 N.Y.U.L. Rev. 393, 398–400 (1968).

(C) afforded a full and fair hearing." The only one of these that could possibly give a local union member the right to be tried only by his local union is the last. But we can find no basis, either in the Act itself, or in the legislative history, for concluding that Congress intended to include this right in the requirement for a "full and fair hearing." We, therefore, conclude that the fact that a local union member is disciplined by a parent body within the union does not constitute *per se* a denial of a fair hearing.[10] Nor do we find any special circumstances here warranting a finding that under the particular facts such a fair hearing was denied, as might possibly be the case, for example, if the charges involved an issue with respect to which there was a conflict of interest between the local and the parent body. The record in no way indicates that the proceeding was conducted in any manner which was the least unfair or prejudicial to Martire, or that the Trial Board was biased against him. We therefore conclude that Section 101 (a) (5) was in no way violated by the fact that the charges against Martire were tried before a trial board of the District Council rather than before a body of the Local Union.

Finally, as to the third question presented: "Were the procedural safeguard requirements of the LMRDA complied with in the District Council's proceedings against the plaintiff union officer?"

It must immediately be noted on this score that, as we earlier stated, (1) Martire does not contend that he was in any way denied a fair hearing or that the evidence presented before the District Council's Trial Board did not support its action, and (2) the District Court made the fact finding that "The grounds for disciplinary action processed by the District Council are supported by substantial evidence."

The hard core of Martire's contention is that neither the District Council nor Local Union Constitution specifically makes "negligence and incompetence" an offense, and that accordingly he could not be charged with, nor convicted of such an offense.

There is no merit to this contention. Martire was sufficiently apprised by the Union Constitutions that he was subject to discipline for negligence and incompetence in carrying out his duties as an officer of the Local Union.

The Local Union Constitution provides that "[i]t shall be the duty of the Business Manager of a Local Union to see to it that the affairs and business of the Local Union are being properly conducted in accordance with the Constitutions [of the Local Union, District Council, and International Union] and with the rules, regulations, policies, practices and lawful orders and decisions [of these bodies]." Art. IV, § 3E(1). It further provides that "[i]t shall be the duty of the Business Manager to see to it that the provisions of all agreements are enforced and respected by all persons affected thereby." Art. IV, § 3E(2) (b). The Business Manager is required to "keep himself informed of all contemplated work to be done within the jurisdiction of the Local Union and make such pre-job arrangements as may be necessary in order to insure the proper and lawful progress of such work once started and to its conclusion." Local Union Constitution, Art. IV, § 3E(5). It is his duty to "visit all projects within the jurisdiction of the Local Union in order to ascertain whether or not work is progressing in accordance with established conditions." Local Union Constitution, Art. IV, § 3E(6).

In providing the qualifications for local union office, the Local Union Constitution provides that candidates must

---

10. But cf. Vars v. International Brotherhood of Boilermakers, 320 F.2d 576 (2 Cir. 1963), in which the Court indicates that the fact that the trial examiner is an officer of the International Union rather than "an independent figure divorced from union controversies" is a factor to be considered in reviewing a union desciplinary proceeding.

"be literate and otherwise competent to perform the duties of the office." Art. V, § 3. Furthermore, "[w]hen a member has been elected to office * * *, he shall, as such officer * * *, fully perform all such duties, responsibilities and obligations that attach to such office * * * as required by the International Union, Local Union or District Council Constitutions. * * *" Local Union Constitution, Art. VI, § 3(m). "In the event of non-compliance by anyone holding an elective office or position, he shall be subject to all applicable disciplinary provisions contained in either the International Union, Local Union or District Council Constitutions. * * *" Local Union Constitution, Art. VI, § 3(n).

Finally, in the oath prescribed by Article XIII of the Local Union Constitution for all elective positions, a solemn pledge is made to comply with all the provisions of the three union constitutions and "to perform the duties of my office as prescribed in said Constitutions."

■ The foregoing provisions give a more than adequate warning that the business manager of a local union may be disciplined for negligence and incompetence in the performance of his duties, and that such duties include responsibility for seeing that employers pay the required union wage to members of the union.

Moreover, Art. VIII, § 7 of the District Council Constitution and Art. XII, § 7 of the Local Union Constitution both provide "that where any officer has been found guilty and suspended from office because of negligence, incompetence or dishonesty in the performance of his duty, he shall remain suspended * * * pending the decision of * * * his appeal."

In accordance with what has been said, the Order of the District Court will be reversed insofar as it grants relief to the plaintiff, and the cause will be remanded with directions to the District Court to proceed in accordance with this Opinion.