William RIOS and Julio A. Ressey, Plaintiffs,

v.

OIL, CHEMICAL AND ATOMIC WORK-ERS INTERNATIONAL UNION and A. F. Grospiron, its President, Defendants.

Civ. No. 753–70.

United States District Court, D. Puerto Rico.

Dec. 31, 1970.

George Weasler, San Juan, P. R., for plaintiffs.

Lopez Lay, Zizcarra & Escanellas, San Juan, P. R., for defendants.

### ORDER

CANCIO, Chief Judge.

William Rios and Julio A. Ressy brought this action against the Oil, Chemical and Atomic Workers International Union (OCAW), and A. F. Grospiron, its President, invoking the jurisdiction of this Court under 29 U.S.C. Section 411(a) (5) and 29 U.S.C. Section 412, Sections 101(a) (5) and 102 of the Labor Management Reporting and Disclosure Act of 1959 as amended, hereinafter referred to as the Act.

Plaintiffs have alleged that they were elected President and Treasurer respectively of North Puerto Rico Local No. 1, Oil, Chemical and Atomic Workers International Union, hereinafter referred to as the LOCAL, and have held such

positions since March 20, 1970 until September 9, 1970, when the defendant Grospiron, acting for and on behalf of the OCAW, and pursuant to Article V of OCAW's constitution, removed them as officers of the LOCAL. The gist of the allegations of the complaint are that in their removal as officers plaintiffs were not "afforded a full and fair hearing" * * * have not been served "with written specific charges or given a reasonable time to prepare their defense, all in violation of their rights as members in good standing". Plaintiffs thus claim violation of their membership rights under Section 101(a) (5) of the Act.

Plaintiffs filed a "Motion for Order to Show Cause", which Order was issued by this Court on September 21, 1970. Defendants then filed a "Motion to Dismiss" and a "Motion in Opposition to the Order to Show Cause" and the matter is now before this Court on Defendant's Motions.

This Court must determine whether plaintiffs have a cause of action against defendants on which relief can be granted by this Court.[1]

The legislative provisions upon which plaintiffs rely on are:

29 U.S.C. Section 411(a) (5):

"Safeguards against improper disciplinary action.—No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

Any person whose rights (membership rights) under the above Section have been infringed may bring an action in the district court to secure redress for any violation under Section 29 U.S.C. 412, which reads:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. * * * *"

A reading of the applicable legislative provisions reveals that Section 412, providing for civil enforcement of rights secured by "this title" refers to Title I of the Act, which title is commonly known as the "Bill of Rights of Members of Labor Organizations", and Section 411(a) (5) is but one of the five sections establishing safeguards to rights of union members but only in protection of their membership rights.

The controversy in this case, as alleged by plaintiffs in the complaint and supporting documents thereof, is to the effect that they have been removed as officers (paragraph VII of the complaint) and that "at all times material herein neither plaintiff has been afforded a full and fair hearing; been served with specific charges; or given a reasonable time to prepare their defense, all in violation of their rights *as members in good standing* under 29 U.S.C.A. 411(5) (sic)". Their real gripe is that they have been removed from office of the LOCAL. The remedy sought by plaintiffs is restoration to status as officers of the LOCAL.

It is a fact that plaintiffs were removed from their offices in the LOCAL. We must now decide if it is incumbent on this Court to determine the propriety of their removal from office, even though the holding of an office in a labor organization is not a right inherent to membership and the removal of an officer does not *per se* affect the membership rights of the officer as protected by the provisions of Title I of the Act.

The Act safeguards the membership rights of union members, but not

---

1. Hughes v. Local No. 11 of Int'l Ass'n of Bridge, etc., Ironworkers, 287 F.2d 810 (3 Cir., 1961).

the right of members to hold an office. The "otherwise disciplined" phrase contained in this Section 411(5) (sic) does not encompass within its terms 'removal from union office': Grand Lodge of International Association of Machinists v. King, 335 F.2d 340 (9 Cir. 1961). There may come a time when a union member, holding an office in the union could claim relief under the legislative provisions invoked by plaintiffs herein, but only if his membership rights have been affected. Such is the situation in the cases cited by plaintiffs. In De Campli v. Greeley, 293 F.Supp. 746 (D. C., 1968), the Court held that the protection afforded by Section 411(a) (5) of the Act is applicable to the plaintiff, in spite of the fact that he was a business agent, because his removal from office was brought about because he exercised certain membership rights protected by the said legislative provision. Such was the situation also in the *King* case, *supra*, wherein the dismissal of plaintiff as a union officer was the result of his exercising membership rights.

That Section 411(a) (5) does not apply to cases where the issue is solely the removal of officers is clearly analyzed by the Court in the *King* case as follows:

"We are satisfied, however, that Congress did not intend section 101(a) (5) to preclude summary removal of a member from union office. While the Act was being considered by Congress, objection was raised to Section 101(a) (5) on the ground that it would permit wrongdoing union officials to remain in control while the time consuming 'due process' requirements of the section were met. * * *"

"The Conference Report on the Act stated that section 101(a) (5) 'applies only to suspension of membership in the union; it does not refer to sus-

pension of a member's status as an officer in the union.' Senator Kennedy, as a Senate conferee, advised the Senate that 'this provision does not relate to suspension or removal from union office.' Often this step must be taken summarily to prevent dissipation or misappropriation of funds. In deference to the 'patent legislative intent' it has been held with virtual unanimity that section 101(a) (5) does not apply to removal or suspension from union office. * * * *"

The *King* case was recently cited with approval in I.B.E.W. Local 1186 v. Eli, 307 F.Supp. 495 (1969) wherein the business agent of a local was removed from office and was alleging violation of the said Section 101:

It is not necessary for this court to rule upon that issue for the court remains unconvinced that the relief plaintiff * * * seeks—restoration to his former status as union officer —may properly be granted under the Landrum-Griffin Act. In construing § 101(a) (5) of the Act, a companion section in 'the union member's Bill of Rights' the Ninth Circuit Court of Appeals has held that, while this section abrogated the power of an International to impair the rights of union *membership*, it did not limit the power of an international to suspend or remove a member from union *office*. * * * Title I, Section 101(a) (5) secures safeguards against improper disciplinary action against union members, as members, but not as officers or employees of the union. * * * *"

We adhere to the unanimous ruling[2] that what the Act protects is the union-member relationship and not the union-officer or union-employee relationship, and accordingly hold that the plaintiffs herein are not afforded a rem-

2. Martire v. Laborer's Local 1058, 410 F.2d 32 (CA 3, 1969); Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (3 Cir., 1962); Air Line Stewards and Stewardesses Association, Local 550,

etc. v. Transport Workers Union of America, 7 Cir., 334 F.2d 805, cert. den. 379 U.S. 972, 85 S.Ct. 648, 13 L.Ed.2d 563 (1965).

edy under Section 101(a) (5) of the Act by reason of their removal from office as President and Treasurer of the LOCAL.

For the foregoing reasons, this case involving only the rights of plaintiffs to restoration to office in the LOCAL and no membership rights having been affected, it is held that the plaintiffs have failed to plead a cause of action under Section 411(a) (5) of the Act.

The complaint herein is dismissed with costs but without attorneys fees.

It is so ordered.