**Al O. PLANT, Plaintiff,**

v.

**LOCAL UNION 199, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, and William A. Park, Business Manager of Local 199, Defendants.**

**Civ. A. No. 4130.**

United States District Court,
D. Delaware.

June 23, 1971.

Jacob Kreshtool, Wilmington, Del., for plaintiff.

Harvey B. Rubenstein, Wilmington, Del., for defendants.

## OPINION

STEEL, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON INJUNCTIVE PHASE OF THE ACTION

This Court has jurisdiction of this action under Section 102 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 412.

The defendant union is a labor organization with its principal office in the District of Delaware. The defendant Park is and was at all times relevant Business Manager of the union. Plaintiff is and at all times relevant was a member of defendant union.

The complaint prays for a preliminary injunction enjoining the defendant from:

(1) Giving any effect, validity, or recognition to any action or resolution of the union on or since February 10, 1971 in dissolving the Negotiating Committee to which plaintiff had been elected, and

(2) giving any effect, validity, or recognition to any action or resolution of the union in reconstituting the Negotiating Committee without plaintiff as a member, and

(3) from affording plaintiff any treatment or any benefits, rights, privileges or duties different from those conferred uniformly upon other members of said Negotiating Committee.

The complaint also prays for damages, compensatory and punitive, for defendants' action in dissolving and reconstituting the Negotiating Committee without plaintiff as a member and for reasonable attorney's fees.

A hearing upon oral testimony was begun upon plaintiff's application for a preliminary injunction. During the proceeding the Court ordered, with the consent of the parties, that the proceeding constitute a trial on the merits of the injunctive phase of the case only, all other issues being severed and reserved under Rule 42(b) for later trial. Thereafter the hearing was concluded.

In September of 1970 plaintiff filed an action in this Court against his employer and the present defendants charging violations of certain of his alleged rights under the then existing collective bargaining agreement.

On October 14, 1970, the union membership met and by unanimous vote elected a Negotiating Committee for the purpose of representing the union in the negotiation of a contract with employers effective upon the expiration of the existing one. The committee elected was made up of the same five members who had been members of the prior commit-

tee. The defendant William A. Park, the Business Manager of the union, was an ex officio member of the committee. Plaintiff was also one of the members elected. Almost all of the union membership who voted for the Negotiating Committee on October 14, 1970 knew of plaintiff's earlier lawsuit.

Neither the Constitution nor Bylaws of the union made any express provision for a Negotiating Committee. However, Article VI, Section 1(d) of the Uniform Local Union Constitution provided:

> The compensation to be paid to elected officers or officials shall be determined and established prior to the nominations.

Historically, the union had fixed the compensation of the members of the Negotiating Committee in accordance with this provision.

When the committee was elected on October 14, 1970, the compensation of its members was not fixed.

The committee members were not among the "officers" specified in Article IV, Section 1 of the Constitution. Apparently, the fixing in the past of the compensation of Negotiating Committee members had been premised upon the assumption that the members were "officials" within the meaning of Article VI, Section 1(d).

Almost as soon as the October 14, 1970 meeting was over the defendant Park made it known several times to certain members of the union (but not during union meetings) that he was unwilling to serve on a committee with a union member who was suing the union. Park meant that he was unwilling to serve with plaintiff.

On February 10, 1971, the Executive Board of the union met and discussed how much the Negotiating Committee members should be paid.[1] Since no compensation had previously been fixed the Executive Board recommended that the Negotiating Committee elected on October 14, 1970 be dissolved, that a new committee be elected, and that prior to nominations for it, the compensation of the committee be fixed by the union membership.

This recommendation was followed at a meeting of the union membership held immediately after the adjournment of the Executive Board. The compensation of each Negotiating Committee member was fixed at $45 per day. Ten names were then placed in nomination, five (including plaintiff) being members elected on October 14, 1970, and five being new nominees. Plaintiff received the sixth highest number of votes and hence was not reelected. Four of the old members were reelected, and the fifth, a new member, was William T. Park, the son of the defendant William A. Park. Thereafter the president, with the approval of the membership, appointed an Advisory Committee of which plaintiff was a member to work with the Negotiating Committee.

29 U.S.C. § 411(a) (4) is entitled "Protection of the right to sue", and provides in part:

> No labor organization shall limit the right of any member thereof to institute any action in any court, * * *.

Section 529 is entitled "Prohibition on certain discipline by labor organization". It provides in part:

> It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereof to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter.

Plaintiff claims that the right to sue the union was vouchsafed to him by Section 411(a) (4). He asserts that the action by the union in dissolving the committee elected on October 14, 1970 and in holding a new election of the Negotiating Committee at which he was re-

---

[1]. At this time the October 14, 1970 committee had not negotiated the new contract.

placed was "discipline" to which he was subjected because he had sued the union. Plaintiff argues that the action of the union violated Section 529.[2]

The defendants argue that since the compensation of the Negotiating Committee elected on October 14, 1970 had not been fixed prior to its nomination, it was necessary to fix the compensation and to elect a new committee on February 10, 1971 in order to comply with Article VI, Section 1(d) of the Constitution. Plaintiff replies that this was simply a ruse to get rid of him, and that had defendants acted in good faith any defect in the October 14, 1970 election could have been cured by a later union action which simply established the pay of the committee which had been elected on that date.

The issue of motivation presents a close factual question which, if relevant, plaintiff has the burden of proving by a preponderance of the evidence. The Court fails to find that plaintiff has carried this burden.

Furthermore, plaintiff was not barred by defendants from serving on the Negotiating Committee. Plaintiff was nominated and permitted to stand for election on February 10th, and if elected his pay had been fixed. Although when plaintiff was elected to the Negotiating Committee on October 14, 1970 most of the union members knew of plaintiff's suit against the union, Park had not yet declared his unwillingess to serve on the committee with the plaintiff. A consideration of this fact as well as a reconsideration of plaintiff's earlier action in bringing the suit were discretionary matters which members voting for the committee on February 10th were entitled to take into account. Section 411(a) (4), which prohibits a union from limiting the right of a member to

sue, was not violated by the action taken by the union on February 10, 1971.

Moreover, the action of the union which resulted in plaintiff's replacement was not encompassed within the words "otherwise discipline" in Section 529. Compare Rekant v. Shochtay-Gasos Union Local 446, 320 F.2d 271 (3d Cir. 1963) in which the Court discusses the meaning of the same phrase in Section 411(a) (5).

Apart from the reasons previously stated, plaintiff must be denied injunctive relief under the rationale of Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (3d Cir.1962). It held, *inter alia*, that the LMRDA afforded no remedy to a Business Agent of a union who, because he had brought an action against a fellow member of the union, was dismissed from office prior to the expiration of his term. After reviewing the language of the statute and its history the Court said:

> Thus when Congress wanted to grant protection to a specific category of union members, appropriate language was used in the statute.

and

> It is the union-member relationship, not the union-officer or union-employee relationship, that is protected.

306 F.2d at 157.[3]

Admittedly, as a member of the committee elected on October 14, 1970, plaintiff was not a "union officer" as specified in the Constitution. He was, however, a "union-employee". His duties extended beyond those of members not charged with negotiating responsibility. Although his compensation had not been fixed, it is clear that the union contemplated that Negotiating Committee members would be paid with union funds for performing special services on its behalf. Regardless, however, of

---

2. Although plaintiff has referred only to Section 411(a) (5) in his complaint, actually plaintiff's cause of action, if he has any, must be based upon a violation by the union of Section 529. At the trial plaintiff stated that this was the case.

3. See also Martire v. Laborers' Local Union 1058, 410 F.2d 32 (3d Cir. 1969) cert. denied, 396 U.S. 903, 90 S.Ct. 216, 24 L. Ed.2d 179, in which the Court stated it adhered to the ruling in *Sheridan*.

whether plaintiff can properly be classed as a "union-employee", a Negotiating Committee member was not one of a "specific category of union members", that Congress intended to protect. Nothing in the Act either expressly or by implication will support finding an intention by Congress to grant to a member of a Negotiating Committee the relief which plaintiff seeks. Indeed, the language of the statute and the history referred to in *Sheridan* negates such an intention.

In support of his claim for injunctive relief plaintiff relies upon Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir.1961); Gross v. Kennedy, 183 F.Supp. 750 (S.D.N.Y.1960); Rekant v. Shochtay-Gasos Union Local 446, *supra*, and Robbins v. Schonfeld (S. D.N.Y.1971). The Court has considered these decisions but finds none of them persuasive of the issue under consideration except to the extent the Court has heretofore referred to *Rekant*.

The complaint, insofar as it seeks injunctive relief, will be dismissed.