Gerald W. GROVE, Plaintiff,

v.

The GLASS BOTTLE BLOWERS ASSO-
CIATION OF the UNITED STATES
AND CANADA, an unincorporated la-
bor union, and Newton W. Black, Pres-
ident thereof.

Civ. A. No. 47–71 Erie.

United States District Court,
W. D. Pennsylvania.

July 22, 1971.

Max P. Gabreski, Oil City, Pa., for
plaintiff.

Ben Paul Jubelirer, Pittsburgh, Pa.,
Albert K. Plone, Camden, N. J., for de-
fendants.

338

## OPINION

WEBER, District Judge.

Plaintiff's Complaint alleges his improper removal from office in a Local Union affiliate of defendant International Union and asserts jurisdiction under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. § 411 et seq.). Defendants have moved for summary judgment as a matter of law on the grounds that the allegations of Plaintiff's Complaint show that he has no standing to sue, that he has no standing to enforce the rights of other union members and that he has failed to exhaust internal union remedies. The parties have stipulated to submit the case on written evidentiary matters and briefs. The Court finds that there is no genuine issue as to any material fact and that the matter is appropriate for summary determination as a matter of law.

Plaintiff alleges that he was a member and duly elected President of the Glass Bottle Blowers Association of the U.S. and Canada, Local No. 55, and that by virtue of his presidency was duly certified by the International Union as a Delegate to the national convention of the union to be held on June 8, 1971. As president he was paid the salary of thirty dollars per month. On May 28, 1971 Plaintiff was notified of his removal from office by a letter from Defendant Newton W. Black, International President of the G.B.B.A. in accordance with provisions of the Union's constitution, pending investigation of charges made against him.

Plaintiff alleges that his individual rights, his union rights, and the rights of other union members were violated by this action and he seeks injunctive and monetary relief.

The only rights which Plaintiff may seek to redress in this U.S. District Court are those given by Sections 101, 102 and 609 of the L.M.R.D. Act of 1959 (29 U.S.C.A. §§ 411, 412, and 529). Sections 101 and 102 are designated the "bill of rights" sections of the Act and they protect union members in their rights of free speech and free election and safeguard against improper disciplinary action. Sec. 609 prohibits disciplinary action against any member for exercising any of the rights granted by this chapter of the Act. Sec. 102 provides for a civil action in the U.S. District Court by any member whose rights under Sec. 101 have been violated.

■■ It has been firmly established in this Circuit that the rights protected by Section 101 are rights of membership only and do not include the rights to office or employment in the union. Mamula v. United Steelworkers of America, 304 F.2d 108 (3rd Cir. 1962); Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (3rd Cir. 1962); Martire v. Laborers' Local Union 1058, 410 F.2d 32 (3rd Cir. 1969). The removal of Plaintiff from office as President disqualified him from being Delegate to the Convention; however Sec. 101 does not protect his rights as a delegate, Gulickson v. Forest, 290 F.Supp. 457 (E.D.N.Y.1968).

■ Plaintiff also contends that the rights of other union members have been infringed because his removal from office precludes him from acting as their elected representative and delegate to the convention. A union member has no standing to litigate the rights of another member under the Act, Mamula, cit. supra p. 113, stating "plaintiff does not have standing to enforce the rights of other union members."

■ Plaintiff argues that par. (5) of Sec. 101 [29 U.S.C.A. § 411(a) (5)] provides a remedy for improper disciplinary action covering his case. However this contention has been specifically rejected in Sheridan, cit. supra. Plaintiff cites DeCampli v. Greeley, 293 F.Supp. 746 (D.C.N.J.1968) as a case where redress from improper removal from employment was allowed. However in that case the pleadings specifically revealed that the specific right allegedly violated was

not the right to hold office or employment but the infringement of the rights of plaintiff as a member of the union to freedom of speech in union affairs.

 It appears to us that Plaintiff is attempting to litigate his title to office. As such he has no standing to sue. The exclusive procedure governing elections to and removal from office are those provided by Title IV, Sections 401 and 402 of the L.M.R.D.A. of 1959, (29 U.S.C.A. §§ 481, 482) where the only party who had standing to sue in the United States District Court is the Secretary of Labor, after the exhaustion of internal remedies and complaint by the aggrieved party to the Secretary of Labor. Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964); *Mamula,* cit. supra; Nelms v. United Association of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry of U.S. and Canada (5th Cir., 1968) 405 F.2d 715; Local 115, United Brotherhood of Carpenters and Joiners of America v. United Brotherhood of Carpenters and Joiners of America, 247 F.Supp. 660 (D.C.Conn., 1965); *Gulickson,* cit. supra.

Defendant also urges that Plaintiff has failed to exhaust internal remedies as required by Section 101(a) (4) of Title IV of the L.M.R.D.A. of 1959 (29 U. S.C.A. § 411(a) (4). Plaintiff has filed an affidavit that no internal remedy was available under the Constitution or By-Laws of the Defendant prior to the opening of the convention on June 8, 1971. Plaintiff did file a notice of appeal on June 2, 1971, with the International Secretary-Treasurer, on which no action has been taken. Defendant has filed an affidavit that Plaintiff made no attempt to appear before the Credentials Committee of the Convention on June 7, 1971, to contest his removal as a delegate; and Defendant claims that the Constitution of the Union provides a remedy in the form of an appearance before the Standing Committee on Appeals with respect to Plaintiff's removal from office.

This Court in Antal v. Budzanoski, 320 F.Supp. 161, at page 163 (W.D.Pa., 1970), stated:

"Statutory limitations and restrictions were expressly imposed by Congress to avoid as much as possible judicial interference into the internal management of labor organizations and to compel, as far as possible, the parties involved to seek their remedies through the internal machinery of the labor organizations."

Regardless of whether there are appropriate and available internal remedies in the Defendant's Constitution or By-Laws, the Plaintiff asserts no cause of action under Title I of the Act and the motion for summary judgment must be granted. As previously discussed, Plaintiff has no standing to sue under Title IV; and the Plaintiff's proper remedy is to file a complaint with the Secretary of Labor in accordance with § 481 of Title IV.