Frances COLLINS et al., Plaintiffs,

v.

**PENNSYLVANIA TELEPHONE UNION, LOCAL NO. 1944, IBEW, AFL–CIO and International Brotherhood of Electrical Workers, AFL–CIO, Defendants.**

Civ. A. No. 76–674.

United States District Court,
W. D. Pennsylvania.

June 28, 1976.

Emil E. Narick, Pittsburgh, Pa., for plaintiffs.

Greenfield & Minsky, Pittsburgh, Pa., Laurence J. Cohen, Washington, D. C., Mayer, Weiner & Levinson, New York City, for defendants.

## OPINION

WEBER, District Judge.

This is an action by local union officers and other members against their local and international union brought under the Labor-Management Reporting and Disclosure Act (hereinafter "LMRDA"), 29 U.S.C. § 401 *et seq.* Two plaintiffs were officers who were removed from office after a trial in accordance with the union constitution. The decision of the union's International Vice President barred them from seeking office for two years. After this suit was

filed, the union's International President restored their eligibility to run for office but sustained the removal. All plaintiffs seek injunctive relief by way of restoration to office, declaratory relief, and compensatory damages.

Defendants move for Partial Summary Judgment on the issue of injunctive relief on the grounds that (1) the action is now moot and, (2) Collins and Preston are not entitled to be restored to office.

At its root, the Defendants' Motion for Summary Judgment presents the issue of whether the removal of a union officer from her office is actionable under § 609 of the LMRDA, 29 U.S.C.A. § 529 [1976], which makes it illegal to "fine, expel . . . or otherwise discipline" a member for exercising any of the rights guaranteed by the Act.

The decisions of the Third Circuit demand that the Defendant's Motion for Summary Judgment be granted.

In *Sheridan v. United Brotherhood of Carpenters,* 306 F.2d 152 [3rd Cir. 1962], Sheridan was the elected business agent of a local union for a two year term. Sheridan was removed from office after a trial before the Union trial committee on the grounds of injuring the reputation of a fellow union member by having him arrested for assault and voted to remove Sheridan from office.

 The Circuit Court held that the LMRDA provides no protection to the "union-officer" relationship. The court specifically emphasized the removal of an officer for disciplinary reasons as a distinguishing factor.

Our inquiry on this score is therefore narrowed to the question whether the removal of plaintiff from office was a form of "discipline" as that term is used in Section 609. As earlier noted, the Section declares it unlawful for a labor organization to "fine, suspend, expel, or otherwise discipline any of its members" for exercising a right protected by the Act. The word "discipline" is not defined in the statute. This term appears to have

been selected as a catchall to cover various sanctions other than fine, suspension, and expulsion. But to say that a word is a catchall does not "define what it catches". *Flora v. United States,* 362 U.S. 145, 149, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

The language of the Section affords no support for the view that the term "discipline" encompasses removal from office. The three disciplinary sanctions that are specifically enumerated in that section—fine, suspension and expulsion—manifest an intention by Congress to protect members *qua* members. Removal from office, on the other hand, is a sanction that can be directed only against the limited group of members who happen to be officers. We see no violation of Section 609 in plaintiff's removal from his office.

Neither does Section 101(a)(4), the right-to-sue provision, support plaintiff's claim that the Act protects his status as an officer. Section 101(a)(4) is part of Title I of the Act. This title, captioned "Bill of Rights of Members of Labor Organizations" and particularly Section 101, are designed to protect the rights of union members. The rights are repeatedly described as the rights of "any member" or "every member". No mention is made of rights of union officers or employees. It is of particular interest to note that the right-to-sue provision of the bill that was originally passed by the Senate provided that a labor organization shall not limit "the right of any member *or officer* thereof to institute an action in any court * * * (emphasis added). (footnotes omitted).

Thus, neither under the "Bill of Rights" provisions of Title I, nor under Section 609 proscribing disciplinary sanctions against union members, is plaintiff's status as business agent protected by the Act. It is the union-member relationship, not the union-officer or union-employee relationship that is protected. 306 F.2d at 156–7.

The Court in *Sheridan* clearly states that none of the provisions of Title I is designed

to protect officers qua officers. Additionally, as the plaintiffs concede, both *Sheridan* and the present case involve § 609, the provision containing the phrase "otherwise discipline" which is the key to providing union officers with an LMRDA cause of action.

In *Martire v. Laborers' Union No. 1058,* 410 F.2d 32 [3rd Cir., cert. denied 396 U.S. 903, 90 S.Ct. 216, 24 L.Ed.2d 179, 1969]. Martire was a member and business manager of the defendant Union and an elected union delegate. Martire was tried by the Union trial board for "negligence and incompetence" in discharging his duties as business manager. The Union Trial Board found Martire guilty as charged and suspended him from his position as business manager of the Local and delegate for five years, fined him $500 and forbade him to hold any other office during the period of his suspension.

The Court of Appeals ruled:

What has been said brings us to the first of the three questions presented on this appeal, namely:

"Does the Labor Management Reporting and Disclosure Act of 1959 (LMRDA) afford a remedy to an officer of a local union who has been (1) suspended from his elected office prior to the expiration of his term; (2) barred from holding office in the union for five years; and (3) subjected to a fine of $500?"

In *Sheridan v. United Brotherhood of Carpenters,* 306 F.2d 152 [1962] we held that neither Title I of the LMRDA nor Section 609 affords a remedy to a business agent of a union who has been removed from his elected office prior to the expiration of his term, for the reason that "It is the union-member relationship not the union-officer or union-employee relationship, that is protected." We adhere to that ruling and accordingly hold that *Martire* is not afforded a remedy under Section 101(a)(5) of the LMRDA by reason of his removal from office as the Union's business agent.

We hold, however, that that part of the penalty imposed on Martire by the District Council which bars him from holding office in the Union for five years affects his status *qua* union member, and that circumstance affords him a remedy under Section 101(a)(5). 410 F.2d at 35. (footnotes omitted).

In *Harrison v. Local 54 of American Federation of State, C. & M. Emp.,* 518 F.2d 1276 [3rd Cir. 1975], Harrison sued Local 54 under § 101(a) 2 and 5, claiming that the Defendant issued a libelous and slanderous statement which caused the plaintiff to be dismissed as President of Local 54 under certain provisions of the Union's Constitution. In affirming the district court's finding that the plaintiff stated no claim against the defendant under the LMRDA, the Circuit said:

We also have made it clear that as to the protected union-membership relationship, "Section 101(a)(5) does not give the federal courts a general supervisory power over union disciplinary proceedings; the section merely provides that such disciplinary proceedings must accord the accused three specified procedural safeguards: He must be '(A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.' . . . [T]herefore . . . that a local union member is disciplined by a parent body within the union does not constitute *per se* a denial of a fair hearing." *Ibid.* at 36–37 (footnote omitted).

From this recitation, certain conclusions are manifest. The union member is free to express views, arguments or opinions on matters of union business—even if the expressions be libelous or malicious—without fear of discipline. *Semancik v. United Mine Workers Dist. 5,* [466 F.2d 144 (3 Cir. 1972)], supra. Conversely, the LMRDA does not provide relief to a union officer for suspension as an officer, nor for loss of income resulting therefrom. Nor does the Act provide relief for wrongful termination from employment. What is protected is the union-membership relationship. *Martire v. Laborers'*

*Local 1058,* supra; *Lewis v. American Federation of State, County and Municipal Employees,* 407 F.2d 1185 [3d Cir.] cert. denied, 396 U.S. 866, 90 S.Ct. 145, 24 L.Ed.2d 120 [1969]; *Sheridan v. United Brotherhood of Carpenters,* supra. 518 F.2d at 1281.

Finally, in *Grove v. Glass Blowers Ass'n of U. S. & Can.,* 329 F.Supp. 337 [W.D.Pa. 1971], this court addressed a problem seemingly identical to the one now before the Court. Plaintiff alleged that he was a member and the President of the Defendant Union and that he was notified of his dismissal from his office of President by a letter from the International President of the Union. Plaintiff brought suit under the LMRDA; Defendant filed a Motion for Summary Judgment on the grounds that the Plaintiff's status as office holder is not protected by the LMRDA. This Court granted the Motion.

Plaintiff alleges that his individual rights, his union rights, and the rights of other union members were violated by this action and he seeks injunctive and monetary relief.

The only rights which Plaintiff may seek to redress in this U. S. District Court are those given by Sections 101, 102 and 609 of the L.M.R.D. Act of 1959 (29 U.S.C.A. §§ 411, 412, and 529). Sections 101 and 102 are designated the "bill of rights" sections of the Act and they protect union members in their rights of free speech and free election and safeguard against improper disciplinary action. Sec. 609 prohibits disciplinary action against any member for exercising any of the rights granted by this chapter of the Act. Sec. 102 provides for a civil action in the U. S. District Court by any member whose rights under Sec. 101 have been violated. It has been firmly established in this Circuit that the rights protected by Section 101 are rights of membership only and do not include the rights of office or employment in the union. *Mamula v. United Steelworkers of America,* 304 F.2d 108 [3rd Cir. 1962]; *Sheridan v. United Brotherhood of Carpenters,* 306 F.2d 152 [3rd Cir. 1962]; *Martire v. Laborers' Local Union 1058,* 410 F.2d 32 [3rd Cir. 1969]. The removal of Plaintiff from office as President disqualified him from being Delegate to the Convention; however, Sec. 101 does not protect his rights as a delegate, *Gulickson v. Forest,* 290 F.Supp. 457 [E.D.N.Y.1968]. 329 F.Supp. at 338.

*See also Rios v. Oil, Chemical and Atomic Workers Int. Union,* 331 F.Supp. 511 [D.Puerto Rico 1970].

The plaintiffs in their brief lean heavily upon the Seventh Circuit decision of *Wood v. Dennis,* 489 F.2d 849 [7th Cir. 1973], *cert. denied* 415 U.S. 960, 94 S.Ct. 1490, 39 L.Ed.2d 575 [1974], and the 9th Circuit decision of *Grand Lodge v. King,* 335 F.2d 340 [9th Cir. 1964] as authority for the cause of action under the LMRDA of a union officer for reinstatement after dismissal for exercising his free speech rights. Even if we were sitting in the Seventh or Ninth Circuits, we are not sure that *Wood* or *Grand Lodge* would impel us to dismiss the Defendant's Motion for Partial Summary Judgment for they appear on close reading to be factually distinguishable from the case at hand. In *Grand Lodge,* the plaintiffs alleged that their right to engage in intra-union political activity secured by § 101(a)(1 & 2), was breached when they were discharged because they actively supported a particular candidate for union office by meeting with other members and expressing views favorable to that candidate. In *Wood v. Dennis,* the plaintiff contends that his removal from office was discipline for his exercise of his free speech rights in that he had advised the defendant that he intended to become a candidate for the position of International President at the expiration of the defendant's current term in office, in violation of § 101(a)(2).

In the present case, the International President discharged the plaintiffs because they failed to remain in the meeting hall and govern the meeting, a specific responsibility of their office; the plaintiffs claim that their walkout was an exercise of their free speech rights guaranteed by Title I.

The facts of *Wood* and *Grand Lodge,* involving speech unrelated to the performance of their union office responsibilities, are distinguishable from the facts surrounding the discharge of Collins and Preston, who exercised their free speech rights by failing to do their jobs.

In their brief, the plaintiffs contend that there are substantial issues of fact still unresolved which require that the Motion for Partial Summary Judgment be denied. The "issues of fact" to which the plaintiff alludes generally concern whether adequate evidence was before the International Union to justify their findings of guilt. (Pl. Br. 5–9).

The leading case in the Third Circuit which respect to requirements for summary judgment is *Toebelman v. Missouri-Kansas Pipe Line Co.,* 130 F.2d 1016 [3rd Cir. 1942].

It is now well settled that summary judgment may be entered for either party if the pleadings, depositions, admissions on file and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Civil Procedure Rule 56. Stated conversely, a substantial dispute as to a material fact forecloses summary judgment. (citations omitted).

Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. 130 F.2d 1018.

██ In other words, the absence of a "genuine issue as to any material fact" justifies summary judgment. The adequacy of the evidence before the Hearing Committees is not a material fact with respect to the issue of whether the removal of a union officer is a basis for injunctive relief under the LMRDA in the Third Circuit. Only two facts are material to this issue and neither are contested: that the Plaintiffs Collins and Preston were officers of the union, and that they were removed from their positions by union action.

Plaintiffs also argue that they will suffer irreparable harm if this court does not issue an injunction restoring them to their former positions. To refuse to restore the Plaintiffs to their old positions will, according to the Plaintiffs (Pl. Br. pp. 14–15), "shackle[d] them with tainted reputations.", and impose a chilling effect on their future attempts to run for union office. Plaintiffs allege that the only way to remedy the embarrassment suffered by the Plaintiffs is to give them their former positions back.

██ This issue is rendered moot by the inability of this court to order the re-installation of any union officer since the LMRDA applies only to the protection of "membership rights" and not any officer rights. The union's act of declaring the Plaintiffs eligible to immediately run for office pre-empted any district court in the Third Circuit from adjudicating any remedy except for determining any money damages the defendant may owe the plaintiffs arising out of the union's disciplinary action.

## ORDER

The Defendants have moved for partial summary judgment on the Plaintiffs' claim that this Court issue a preliminary and permanent injunction reinstating Plaintiffs Collins and Preston to office. Upon consideration of the briefs and arguments of the parties, it is

ORDERED that partial summary judgment for the Defendants on the cause of action for injunctive relief be and hereby is ENTERED. This judgment is hereby ORDERED to be ENTERED as final as to the plaintiffs' cause of action to enjoin the Defendants to reinstate Plaintiffs Collins and Preston as officers of the Pennsylvania Telephone Union, Local No. 1944, Brotherhood of Electrical Workers, AFL–CIO; there is no just reason for delay.