Eugene SULLIVAN, Appellant,

v.

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA; Iowa Labor-
ers' District Council, Appellees.

No. 82–1725.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1983.

Decided May 12, 1983.

Robert J. Connerton, Theodore T. Green, Washington, D.C., for International Union.

John R. Hearn, Hearn & Krpan, Des Moines, Iowa, for appellant.

Robert E. Conley, P.C., Robert E. Conley and Neil A. Barrick, Des Moines, Iowa, for appellees.

Before LAY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

BRIGHT, Circuit Judge.

Eugene Sullivan appeals from the district court's adverse entry of summary judgment in an action brought pursuant to the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 401–531 (Landrum-Griffin Act), against the Laborers' International Union of North America (International Union) and the Iowa Laborers' District Council (District Council). Sullivan alleges that the defendants violated his procedural rights guaranteed by the Landrum-Griffin Act in suspending him for three years from his elected position as business manager of the District Council. Sullivan further alleges pendent state claims for breach of contract and estoppel. We affirm except as to pendent state claims which are remanded to the district court.

I. *Background.*

In 1975, Eugene Sullivan began serving a four-year term as the elected business manager for the District Council. In January 1979, District Council delegate Leonard Schaefer filed charges against Sullivan, alleging that Sullivan failed to perform his duties as business manager. The District Council Executive Board, sitting as a trial board, heard the charges on February 27, 1979, with both Schaefer and Sullivan present and participating. By unanimous vote, the trial board found Sullivan guilty and determined that he be suspended from office without pay.

Sullivan appealed his case to the full District Council. Under the District Council's constitution, the trial board's decision is binding unless two-thirds of the delegates present at the District Council's next regular meeting vote to reverse or modify the decision. At the District Council's March 7, 1979 meeting, the requisite two-thirds of the delegates voted to reverse the trial board's decision. The following day, Schaefer wrote to the International Union's general president and requested an investigation to determine whether all the delegates who voted at the meeting had been duly accredited. Neither Schaefer nor anyone affiliated with the International Union notified Sullivan of Schaefer's complaint or of the International Union's followup investigation.

On May 1, 1979, the International Union's general president informed the District Council that he had discovered that many of the delegates who voted at the March 7 meeting had been ineligible to vote. The general president vacated the District Council's decision and remanded the action for a new determination by those delegates eligible to vote on March 7. When the District Council convened on May 14, 1979,

less than two-thirds of the delegates voted to reverse the trial board's decision. Accordingly, the trial board's decision became binding.

Sullivan appealed to the general executive board of the International Union, which stayed the trial board's decision pending a hearing and final disposition of the case. The general executive board referred the matter to a hearing panel which, following an evidentiary hearing, concluded:

> Appellant has presented no evidence indicating procedural irregularities or violations of the Union's Constitution in connection with the Trial Board proceedings which would warrant disturbing its findings and decisions.
>
> However, the Panel notes that the decision of the Trial Board suspending the Business Manager from that office does not refer to any specific period of time, but would, as written, contemplate his present removal and a bar to his seeking to hold District Council office in the future. The Panel believes that it is necessary to fix a specific period for the debarment after appellant's removal from office.

The hearing panel recommended

> [t]hat the appeal be denied, but that the appellant be barred from holding office in the District Council for a period of three (3) years commencing with the date of receipt of this decision of the General Executive Board.

The general executive board adopted the hearing panel's report in full, and, on August 23, 1979, Sullivan's suspension took effect. Approximately two weeks earlier, Sullivan had won reelection to a new four-year term as District Council business manager. Sullivan appealed his suspension to the convention of the International Union, but that group declined to reverse or modify the general executive board's action.

Sullivan filed this action, alleging that the intraunion disciplinary proceedings failed to comply with the Landrum-Griffin Act provision that no union member "may be fined, suspended, expelled, or otherwise disciplined * * * unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5) (1976).

Sullivan also raised two state claims, which the district court considered under its pendent jurisdiction. First, Sullivan alleged that the constitutions of the International Union and the District Council established binding contracts with him and that the defendants had breached these contracts during the disciplinary proceedings. Second, Sullivan alleged that because the defendants made no attempt to prevent him from seeking reelection they were estopped from suspending him following his reelection. The district court found that the defendants had complied with all of the procedural requirements under 29 U.S.C. § 411(a)(5) and granted the defendants' motion for summary judgment on all three counts.

## II. *Discussion.*

Sullivan contends that the district court erred both in sustaining defendants' joint motion for summary judgment and in denying his own motion for summary judgment. Sullivan argues that several aspects of the defendants' disciplinary proceedings violated his intraunion due process rights guaranteed under section 411(a)(5). Before reaching the merits of Sullivan's arguments, however, we must consider a preliminary jurisdictional question.

The Supreme Court has held that the protections enumerated in section 411(a)(5) extend only to union members and not to union officers. *Finnegan v. Leu,* 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982). Sullivan's complaint alleges, in part, that defendants improperly suspended him from his position as District Council business manager. The International Union contends that Sullivan seeks relief in his capacity as a union officer, and not as a union member. Consequently, the International Union argues that Sullivan's complaint fails to state a cause of action under section 411(a)(5). We agree, in part, with the International Union.

In *Gabauer v. Woodcock,* 520 F.2d 1084 (8th Cir.1975), *cert. denied,* 423 U.S. 1061, 96 S.Ct. 800, 46 L.Ed.2d 653 (1976), this court held that section 411(a)(5) "does not apply to removal or suspension, even when done summarily, from union office unless union membership rights are denied." *Id.* at 1093. In *Finnegan v. Leu, supra,* the Supreme Court approved this view, holding that the Landrum-Griffin Act did not protect appointed officers from discharge. The Court explained:

> 29 U.S.C. § 411(a)(5), states that "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined" without enumerated procedural protections. The Conference Report accompanying [the Landrum-Griffin Act] as finally enacted * * * explains that this "prohibition on suspension without observing certain safeguards applies only to suspension of membership in the Union; *it does not refer to suspension of a member's status as an officer of the union.*" [*Finnegan v. Leu, supra,* 102 S.Ct. at 1871.]

■ The defendant's suspension of Sullivan from his position as the elected business manager of the District Council did not, by itself, infringe upon any of Sullivan's rights as a union member. Consequently, based on the Supreme Court's opinion in *Finnegan* and this court's holding in *Gabauer,* we conclude that the safeguards contained in section 411(a)(5) are clearly inapplicable to Sullivan's suspension. *See also Lux v. Blackman,* 546 F.2d 713 (7th Cir.1976); *Schonfeld v. Penza,* 477 F.2d 899 (2d Cir. 1973); *Martire v. Laborers' Local Union 1058,* 410 F.2d 32 (3d Cir.1969).

■ In addition to suspending Sullivan, however, defendants barred him from holding union office for three years. Although this circuit has never confronted an identical case, this court observed that among the activities section 411(a)(5) protects is a union member's right to seek union office. *Local 37, Sheet Metal Workers' International Ass'n v. Sheet Metal Workers' International Ass'n, AFL–CIO,* 655 F.2d 892, 897 (8th Cir.1981). Moreover, several other cir-

cuits have held that by preventing one of its members from seeking union office, a union affects the individual as a union member, and thereby triggers the procedural protections contained in section 411(a)(5). *See, e.g., Schonfeld v. Penza, supra,* 477 F.2d at 904; *Martire v. Laborers' Local Union 1058, supra,* 410 F.2d at 35. We agree with these courts that prohibiting a union member from running for union office affects the member *qua* union member. Thus, while a union officer facing suspension from his position as an officer is not entitled to procedural due process under section 411(a)(5), a union member barred from seeking union office is entitled to the procedural due process protections of section 411(a)(5).

■ After careful consideration of the trial record and the parties' briefs on appeal, we conclude that the district court properly determined that defendants afforded Sullivan all of his intraunion due process rights before barring him from holding office for three years. Sullivan received written charges, the sufficiency of which he does not challenge on appeal. Moreover, Sullivan does not contend that he received inadequate time to prepare for his February 27 hearing or that he received anything but a fair and full hearing at that time.

■ Sullivan contends that the International Union's general president lacked authority to investigate and decide the question of the eligibility of the District Council's delegates to vote at Sullivan's March 7 hearing. Sullivan's contention is without merit. The general president acted pursuant to powers conferred by the International Union's constitution. Moreover, the general president's actions did not constitute discipline under section 411(a)(5). *See Local 37, Sheet Metal Workers' International Ass'n v. Sheet Metal Workers' International Ass'n, AFL–CIO, supra,* 655 F.2d at 896–97. In any case, Sullivan had ample opportunity to question the determination of delegate eligibility in his subsequent appeal to the general executive board.

Accordingly, the district court properly entered summary judgment in favor of defendants on Sullivan's section 411(a)(5) claim.

 In entering summary judgment on Sullivan's two pendent state claims, the district court did not consider the merits of the claims. Rather, the court stated that it granted summary judgment on the pendent claims because the claims had no independent basis for federal jurisdiction. When a petition contains federal claims, as well as pendent state claims, and the federal claims are disposed of by summary judgment, the trial court should generally, although not always, dismiss the pendent claims without prejudice. For an excellent discussion of this issue, *see* Judge Arnold's opinion in *Koke v. Stifel, Nicolaus & Co.,* 620 F.2d 1340, 1346–47 (8th Cir.1980); *see also Kuhn v. National Ass'n of Letter Carriers,* 528 F.2d 767, 771 n. 6 (8th Cir.1976); *see generally* 3A J. Moore, *Moore's Federal Practice* ¶ 18.07[1–3] n. 41.

Accordingly, we vacate the ruling of the district court on Sullivan's two pendent claims.

III. *Conclusion.*

We affirm the district court's grant of summary judgment on Sullivan's federal claim. We vacate the district court's entry of summary judgment on Sullivan's two pendent state claims and remand them to the district court with directions to determine whether to dismiss Sullivan's pendent claims without prejudice or to reach the merits of the claims.