William GOODMAN, Sr., an individual, Appellant,

v.

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, a labor organization, Local Union No. 135, Laborers' International Union of North America, a labor organization, and Daniel L. Woodall, President of Local Union 135 and an individual, Appellees.

No. 83–1667.

United States Court of Appeals, Third Circuit.

Argued June 12, 1984.

Decided Sept. 5, 1984.

Ronald F. Kidd (argued), Michael M. Mustokoff, Steven M. Janove, Duane, Morris & Heckscher, Philadelphia, Pa., for appellant.

Richard H. Markowitz, Robert C. Cohen (argued), Markowitz & Richman, Philadelphia, Pa., for appellees.

Before SEITZ and ADAMS, Circuit Judges, and LATCHUM, Senior District Judge.*

## OPINION OF THE COURT

SEITZ, Circuit Judge.

### I.

William Goodman, Sr., plaintiff, appeals from an order granting defendants' motion for summary judgment in an action charging the denial of a "full and fair hearing" in a union disciplinary action as required by § 101(a)(5) of the Labor-Management Re-

---

* The Honorable James L. Latchum, Senior United States District Judge for the District of Delaware, sitting by designation.

porting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 411(a)(5). Jurisdiction for this appeal is under 28 U.S.C. § 1291.

Mr. Goodman[1], a member of Local Union No. 135, Laborers' International Union of North America ("Local 135"), was charged in a union disciplinary proceeding with a variety of offenses having the common gravamen that he had exceeded his authority while acting as the local's business manager. After a series of internal union hearings and appeals, Mr. Goodman was barred from holding any elected union office for a period of 5 years.

Goodman was first charged in February of 1982 by the president of Local 135. A trial board consisting of seven local union men was convened on March 8, 1982, pursuant to Local 135's constitution. Although Goodman was given notice of the hearing, he refused to attend, allegedly because he believed that the members of the trial board were biased against him. The trial board, meeting without Goodman, heard testimony from witnesses and took evidence on the charges, and then found Goodman guilty of the offenses charged. The trial board removed Goodman from the office of business manager and barred him from pursuing any elected union office for a period of 5 years. This finding was ratified by a vote of the general membership of Local 135 at a meeting on March 17, 1982.

Goodman, protesting the decision of the Local's trial board, appealed to the International Union's General Executive Board. The Executive Board scheduled a hearing before a concededly unbiased Eastern Hearings Panel on August 4, 1982. Goodman was permitted to present his case and he called two witnesses. The Eastern Hearings Panel recommended that the local trial board's findings and sanctions be affirmed. These recommendations were accepted by the General Executive Board on August 23, 1982.

More than four months after the local hearing, but before the appeal to the East-

ern Hearings Panel, Goodman filed this action for damages and injunctive relief against the Laborers' International Union of North America, Local 135, and the president of Local 135 (collectively the "Union"). The action was brought under § 102 of the LMRDA, 29 U.S.C. § 412, alleging a violation of § 101(a)(5) of the LMRDA. The district court, upon cross motions for summary judgment, ruled from the bench in favor of the defendant and dismissed the plaintiff's complaint. The plaintiff filed a timely notice of appeal and comes to this court seeking a review of the decision that he received a full and fair hearing from the union before being barred from standing for election for union office.

## II.

A preliminary question is whether the procedural safeguards afforded by the LMRDA apply to the disciplinary proceedings against William Goodman. Section 101(a)(5) states:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; and (C) afforded a full and fair hearing.

29 U.S.C. § 411(a)(5).

Section 101(a)(5) applies to sanctions imposed by a labor organization that affect the status of the disciplined party as a union member such as a prohibition of a union member from standing for election to office. *Sullivan v. Laborers' International Union*, 707 F.2d 347 (8th Cir.1983), *Martire v. Laborers' Local Union 1058*, 410 F.2d 32, 35 (3d Cir.), *cert. den.*, 396 U.S. 903, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969). Thus, before Goodman could lose this right, he must have been afforded the procedures provided for in § 101(a)(5).

---

1. Except as to the issue of bias, the following facts appear to be undisputed.

## III.

The district court held that the charges against Goodman were specific and that he had sufficient time to prepare his defense. We do not disturb these findings on appeal. Goodman's only remaining complaint, then, is that he was not given a full and fair hearing.

■ The district court ruled that considering the "totality of the process" the union's disciplinary proceedings were fair. We do not believe that the totality of the circumstances standard is the correct test in reviewing a union disciplinary proceeding under § 101(a)(5) of the LMRDA. Because union proceedings may vary widely in procedures and practices, a generalization that a series of proceedings were fair as a whole gives limited notice to those wishing to comply with the law. We believe, therefore, a more thorough discussion of the union's procedures is necessary.

■ We are mindful of the Congressional policy expressed in the LMRDA that the courts should respect the autonomy of unions in determining punishable offenses and in disciplining their members. See International Brotherhood of Boilermakers v. Hardeman, 401 U.S. 233, 244, 91 S.Ct. 609, 616, 28 L.Ed.2d 609 (1971). Our inquiry then, is not into the substance of the charges against Goodman, but into the fairness of the proceedings against him.

■ The Union argues that Goodman knowingly and intelligently waived his right to a full and fair hearing by failing to attend the Local's trial board hearing. The district court appears to have accepted this argument as part of the totality of facts that it considered. The failure to raise the issue of bias on the part of the tribunal at a union disciplinary hearing, however, does not preclude the issue from being raised in a court proceeding under the LMRDA. Falcone v. Dantinne, 420 F.2d 1157, 1161–62 (3d Cir.1969). Accord Tincher v. Piasecki, 520 F.2d 851 (7th Cir.1975). The only difference between the situation in this case and the one in Falcone is that in the latter case, the disciplined union member attended the hearing but failed to raise the issue of bias. Goodman's non-attendance, however, did not affect the trial board members' own duty to disqualify themselves for bias when they proceeded, as they were authorized to do, without Goodman. Falcone, 420 F.2d at 1162. We do not decide whether there may be other procedural rights that can be waived by non-attendance. See Ritz v. O'Donnell, 566 F.2d 731 (D.C.Cir.1977) (waiver of the right to cross-examine and confront witnesses by a failure to demand the presence of the witnesses).

Having decided that Goodman did not waive his right to a full and fair hearing, we must now determine whether it was proper to determine on a motion for summary judgment that Goodman received a full and fair hearing. Goodman's case was decided by union members on three separate occasions: first at the Local's trial board hearing, next at the meeting of the membership of Local 135, and finally at the Eastern Hearings Panel.

■ Summary judgment is proper when there is no genuine dispute over a material fact. It is hotly disputed whether the first hearing was fair. An essential element of a fair hearing is an impartial decisionmaker. Myers v. Affiliated Property Craftsmen, Local No. 44, 667 F.2d 817, 820 (9th Cir.1982); Falcone v. Dantinne, 420 F.2d 1157, 1166 (3d Cir.1969). Goodman contends that six of the seven trial board members were biased against him because he had removed or attempted to remove them from positions as shop stewards or union officials. He claims that at least two of the trial board members were part of a group that stormed into his office the week before the trial and had demanded that he remove himself from the office of business manager of Local 135. Finally he claims that the seventh member of the trial board was biased because he was good friends with another man whom Goodman fired as a union official.

The Union sharply disputes Goodman's version of the facts. Although it admits that Goodman fired several of the trial

board members as shop stewards, it contends that the position of shop steward was too insignificant to affect the judgment of those fired from the post. It also denies that any member of the trial board demanded Goodman's removal from office before the trial board hearing. Despite this dispute over questions of fact, the Union contends that summary judgment was proper for two reasons. First, it believes that the allegations by Goodman, even if true, do not constitute partiality, as a legal matter, sufficient to deny Goodman a fair hearing. Second, the Union argues that even if the first hearing was unfair, the hearing before the impartial Eastern Hearings Panel cured any defect in the constitution of the local trial board.

## A. *The Impartiality of the Trial Board.*

■ The Union contends that prejudgment is a necessary condition for any finding that the trial board was impermissibly biased. We have never held that prejudgment, or an actual expression of an opinion on the merits of the trial by a member of a tribunal before the trial, is the only grounds for finding that a tribunal was so biased as to constitute a violation of the disciplined party's rights under the LMRDA. In *Semancik v. United Mine Workers of America District # 5*, 466 F.2d 144 (3d Cir.1972), we held that a trial board consisting of supporters of the victor in a union election could not try supporters of the losing faction for acts related to the election. 466 F.2d at 157. *See also Tincher v. Piasecki*, 520 F.2d 851, 855 (7th Cir. 1975) (Improper for man who was subject of a charge brought by the defendant in another trial to serve as member of a tribunal trying the defendant). The question of bias is a matter of degree. In any event, we believe that Goodman has alleged prejudgment. The allegation that several members of the trial board had expressed the opinion that Goodman would not continue to serve as business manager is an allegation of prejudgment. The prejudgment by a single decisionmaker in a tribunal of limited size is sufficient to taint the

proceedings and constitute a denial of the right to a full and fair hearing under the LMRDA. *Falcone*, 420 F.2d at 1163.

■ In addition we believe that Goodman's allegations concerning bias on the part of the trial board members that were removed as shop stewards or union officials is sufficient, if proven, to be a violation of the full and fair hearing requirements of § 101(a)(5). We do not decide whether mere personal enmity is sufficient to disqualify a member of a tribunal for partiality. Under the current factual record, we cannot determine whether Goodman's allegation that one trial board member was a good friend of someone that Goodman had fired constitutes sufficient bias to require that member's disqualification.

## B. *Curing the Defect by a Second Hearing.*

Even if the first hearing was unfair, the Union argues that the defect was cured by a later fair hearing. The United States Court of Appeals for the Ninth Circuit has held that a full trial *de novo* making an independent determination of the merits can cure the defect of a biased panel in an earlier proceeding. *Perry v. Milk Drivers' & Dairy Employees Union Local 302*, 656 F.2d 536, 539 (9th Cir.1981). The Congressional policy of granting unions autonomy over internal disciplinary proceedings would be well served if courts permitted unions to correct their own mistakes.

■ The district court believed the Eastern Hearings Panel treated Goodman's case *de novo*. It is not clear, however, if the district court held that the latter hearing would itself be sufficient to satisfy the requirements of § 101(a)(5) without considering the totality of the circumstances. Assuming without deciding that a complete *de novo* review may cure the defect of a biased tribunal in an earlier proceeding, an examination of the record convinces us that the events of the proceeding before the Eastern Hearings Panel does not support a conclusion that that body made an indepen-

dent *de novo* determination of the merits of the charges based solely on the testimony and evidence presented before it.[2]

In examining the record, the International Union's constitution states, "all charges and trials within affiliated Local Unions ... must be processed at the Local Union ... level in the first instance. Any interested party aggrieved by a resulting decision at the local level, may then appeal therefrom to the General Executive Board of the International Union." This provision suggests that the power of the Eastern Hearings Panel, to whom the judicial power of the General Executive Board was delegated, was limited to a review of the local decision and does not extend to an independent determination of the merits of the charges against Goodman.

However, assuming that the Eastern Hearings Panel had the power to conduct a trial *de novo*, the conduct and the results of the hearing, based on the uncontested facts on this hearing, do not indicate an independent *de novo* determination of the merits of the charges against Goodman.

The Union contends that the review was *de novo* because Goodman was permitted to testify, call two character witnesses, cross-examine the witness called by the opposition, and be represented by counsel. The Hearings Panel did permit Goodman to make a defense of the charges. However, the record of the local trial board hearing was incorporated into the evidence considered by the Hearings Panel. The use of the records from the tainted proceeding in the latter hearing was improper and seriously undermines the independence and objectivity of the Hearings Panel. *Tincher v. Piasecki*, 520 F.2d 851, 856 (7th Cir.1975). For example, the credibility of the witnesses at the first hearing cannot be evaluated, nor could the Hearings Panel question those witnesses.

Further, the findings of the Eastern Hearing Panel show that its primary concern was to review the correctness of the decision of the local trial board and to determine whether the local hearing was fair rather than to engage in a new determination of the merits. Eight out of the nine findings dealt with the fairness of the trial board. The only finding related to the merits of the charges states "the charges are amply supported by the evidence." This language indicates that the Panel conducted a review process rather than an independent determination of the facts. There were no specific findings as to any of the particular charges.

The parties expected an appeal rather than a retrial. Goodman asked only for an appeal, and the letter from the General Executive Board granting the hearing, speaks only in terms of an appeal and does not indicate that a full rehearing was to be conducted. Contrast this situation to that in *Perry* where the disciplined union members specifically requested a "retrial" and where the union's constitution specifically permitted retrials. 656 F.2d at 539. There is no evidence that Goodman could expect a full hearing of his case before the Eastern Hearings Panel. The letters state that Goodman would be permitted to testify, but do not indicate that he would be permitted to call witnesses. The testimony of the Local 135's counsel, in objecting to the testimony of Goodman's witnesses as improper on an appeal, clearly indicates that the Local did not intend to retry Goodman.

Because the second proceeding could not cure any defect in the original trial board hearing, and since there is a material question of fact as to the impartiality of the trial board, summary judgment was not properly granted.

## IV.

The order of the District Court will be vacated and the case will be remanded for further proceedings consistent with this opinion.

**2.** It is clear from the record that the ratification vote by the members of Local 135 does not constitute a full trial *de novo*. The membership was not making an independent determination and no evidence was presented before that body.